# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROBERTO CARLOS ORTIZ-CERVANTES, <br><br> Defendant. | 8:14CR178 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on Roberto Carlos Ortiz-Cervantes's ("Ortiz-Cervantes") pro se Motion to Vacate, Set Aside, or Correct Sentence (Filing No. 89). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to complete a preliminary review of Ortiz-Cervantes § 2255 motion and order the United States Attorney to respond (or take other appropriate action), unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." After careful review, the Court finds Ortiz-Cervantes is not entitled to relief.

## I. BACKGROUND

On May 13, 2014, a special agent with the United States Drug Enforcement Administration filed an application and supporting affidavit for a search warrant for a residence located at 3308 Santa Rita Court in South Sioux City, Nebraska. Although the residence was in Nebraska, the special agent sought the warrant from a magistrate judge in the United States District Court for the Northern District of Iowa. The magistrate judge approved the application and issued a warrant the same day.

When law enforcement officers executed the warrant, they found Ortiz-Cervantes in a basement bedroom with more than 500 grams of methamphetamine and several

thousand dollars hidden in a coat closet. On May 21, 2014, a grand jury charged Ortiz-Cervantes with knowingly possessing with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1).

Ortiz-Cervantes moved to suppress (Filing No. 30) the evidence seized as a result of the search, arguing (1) the magistrate judge from the Northern District of Iowa did not have authority to issue a warrant to search property in the District of Nebraska and (2) the affidavit was not supported by probable cause. After an evidentiary hearing, the Court denied (Filing No. 46) the motion.

On August 27, 2015, Ortiz-Cervantes conditionally pled guilty to the possession charge, reserving his right to appeal the denial of his motion to suppress. The Court sentenced him to 156 months imprisonment. Ortiz-Cervantes appealed.

On appeal, Ortiz-Cervantes again argued (1) the magistrate judge was not properly cross-designated under 28 U.S.C. § 631(a) and did not have authority to issue the search warrant, (2) probable cause did not support the warrant, and (3) the good-faith exception to the exclusionary rule under *United States v. Leon*, 468 U.S. 897, 905 (1984), did not apply. The Eighth Circuit affirmed, "concluding probable cause supported the search warrant and the search was conducted in good faith, even though the magistrate judge issuing the search warrant was not properly cross-designated to issue warrants for property located outside of his district." *United States v. Ortiz-Cervantes*, 868 F.3d 695, 698 (8th Cir. 2017). Ortiz-Cervantes then petitioned the United States Supreme Court for a writ of certiorari, which was denied on April 2, 2019. *See Ortiz-Cervantes v. United States*, 584 U.S. ___, 138 S. Ct. 1439 (2018).

On February 21, 2019, Ortiz-Cervantes filed with the Eighth Circuit a pro se Petition for Permission to File a Second or Successive Motion to Vacate, Set Aside, or Correct his sentence. In response, the government moved to deny the petition for lack of jurisdiction

because Ortiz-Cervantes "has not filed any earlier § 2255 motions," so "his proposed § 2255 motion is not successive and authorization is unnecessary." The Eighth Circuit denied Ortiz-Cervantes's request as unnecessary and denied the government's motion as moot.

On April 15, 2019, the Clerk of this Court received Ortiz-Cervantes's present motion to vacate, which is dated April 12, 2019. In his motion, Ortiz-Cervantes avers his "motion is timely submitted" because it was filed "in the prison mailbox system within[] a year of [his] conviction being final." Ortiz-Cervantes states the government sent a notification of its March 5, 2019, motion to him at the wrong address, so he did not receive it until April 1, 2019.

Ortiz-Cervantes presents the following list of issues for review:

* Invalid warrant issued by a Magistrate Judge without the authority
  or Jurisdiction
* Exclusion of Evidence obtained by the Invalid warrant
* Lack of Probable Cause
* US v. Leon good-faith
* Tainted evidence in the Affidavit
* False statements or omissions in the Affidavit
* Informants, Witness and Corroboration
* Particularity requirements
* Possible Defects in Telephonic warrants.

## II. DISCUSSION
### A. Standard of Review

Section 2255(a) authorizes a federal prisoner to seek post-conviction relief if his "sentence was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in

excess of the maximum authorized by law, or is otherwise subject to collateral attack." Such relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Ortiz-Cervantes "bears the burden to prove each ground entitling relief." *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019). A petitioner is generally entitled to an evidentiary hearing, unless, as here, "the motion, files, and records of the case conclusively show that the movant is not entitled to relief." *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013); 28 U.S.C. § 2255(b).

### B. Timeliness

Ortiz-Cervantes asserts his motion is timely based on the prison-mailbox rule,[1] but the record is not so clear. *See Martinez v. United States*, 423 F. App'x 650 (8th Cir. 2011) (unpublished per curiam) (concluding "a district court may sua sponte consider the timeliness of a section 2255 motion" but should not dismiss a motion as untimely without giving the defendant "an opportunity to present his position"). Ortiz-Cervantes's § 2255 motion is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104–132, 110 Stat. 1214 (1996). Under AEDPA, a prisoner like Ortiz-Cervantes generally must file a motion for post-conviction relief under § 2255 within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

As Ortiz-Cervantes notes, his conviction became final when the Supreme Court denied his certiorari petition on April 2, 2018. *See, e.g., Clay v. United States*, 537 U.S.

---

[1]"Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline." *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006).

522, 527 (2003); *Campa-Fabela v. United States*, 339 F.3d 993, 994 (8th Cir. 2003) (per curiam). Unless an exception applies, Ortiz-Cervantes had to file his motion on or before April 2, 2019. Ortiz-Cervantes's motion—dated April 12, 2019—appears to be untimely. Ortiz-Cervantes does not cite any specific exception in support of his motion, but he might argue that he should get the benefit of the date he filed his petition with the Eighth Circuit, even if it was unnecessary, or that the limitation period should be tolled. *See, e.g.*, *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013) (explaining that under the narrow doctrine of equitable tolling, district courts may equitably toll AEDPA's limitation period when a prisoner can establish he has diligently pursued his rights against extraordinary circumstances beyond his control that prevented timely filing). The Court, however, finds it unnecessary to allow Ortiz-Cervantes to weigh in further on this issue or to decide whether his motion is timely because his motion fails even if it is timely.

### C. Validity of the Warrant

Even a cursory review of Ortiz-Cervantes's § 2255 motion reveals that he largely raises the same arguments about the validity of the warrant that he unsuccessfully raised on appeal. *See Ortiz-Cervantes*, 868 F.3d at 698. The Eighth Circuit considered and rejected Ortiz-Cervantes's arguments regarding the magistrate judge's authority, probable cause, the informant's reliability, the exclusionary rule, and the *Leon* good-faith exception. *See id.* Ortiz-Cervantes cannot relitigate those issues under the guise of a § 2255 motion. *See, e.g.*, *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981))).

To the extent Ortiz-Cervantes raises new challenges to the warrant, like his vague references to "tainted evidence," "[p]articularity requirements," and "possible defects in the Telephonic warrants," those undeveloped claims fail as well. Review under § 2255 "is an extraordinary remedy and will not be allowed to do service for an appeal." *Jennings v.*

*United States*, 696 F.3d 759, 762 (8th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)). A prisoner generally "may not raise an issue before the district court for the first time in a § 2255 motion if the issue was not presented on direct appeal from the conviction." *Id.* Ortiz-Cervantes does not present any grounds to vary from the general rule. *Id.*

### D. Ineffective Assistance of Counsel

Ortiz-Cervantes does potentially raise one additional issue in his § 2255 motion that is not on his issue list yet bears mentioning. In discussing the exclusion of evidence obtained by an invalid warrant, Ortiz-Cervantes states, "The defendant should refuse to answer questions before a trial or even accept any Acceptance of Culpability; we can also challenge the legal assistance of counsel for do not advice his client of that Remedy." Ortiz-Cervantes also contends the motion to suppress was insufficient and "the Contemporaneous Objection should be effective with a more solid argument challenged Constitutional Issues." Although Ortiz-Cervantes does not say he would not have pled guilty if he better understood the exclusionary rule or his counsel's arguments, he may have intended to raise an ineffective-assistance claim.

To prevail on such a claim, Ortiz-Cervantes must show "(1) [his] counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) [his] counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008). In evaluating a claim of deficiency, the "[C]ourt must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 669 (1984). Counsel's performance is deficient if they have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To prove prejudice, Ortiz-Cervantes must show "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Id. at 669*. Ortiz-Cervantes fails at both steps.

Ortiz-Cervantes's counsel identified a sound basis to challenge the search warrant, moved to suppress the evidence seized from Ortiz-Cervantes's residence, and made a strong argument for exclusion, even in light of *Leon*'s good-faith exception. When his well-reasoned motion to suppress failed, Ortiz-Cervantes's counsel negotiated a conditional plea agreement that preserved Ortiz-Cervantes's right to appeal the denial of his motion to suppress. On appeal, Ortiz-Cervantes's counsel again made a strong (though ultimately unsuccessful) argument for suppression.

On this record, Ortiz-Cervantes has not met his heavy burden of showing his counsel committed serious, unprofessional errors in protecting Ortiz-Cervantes's Fourth Amendment rights, much less that any such error likely affected the outcome of his case. *Id.* As for any argument that his counsel should have made "a more solid argument," Ortiz-Cervantes neither explains what his counsel should have done differently nor articulates any argument that he thinks might have fared better, particularly given the Eighth Circuit's thorough reasoning on appeal. *See, e.g.*, *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam) ("[C]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance."). Ortiz-Cervantes's "vague and conclusory allegations [of error] are not sufficient to state a ground for relief under 28 U.S.C. § 2255." *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986).

### E. No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1), Ortiz-Cervantes cannot appeal an adverse ruling on his § 2255 motion without a certificate of appealability. *Accord* Fed. R. App. P. 22(b)(1). This Court cannot issue a certificate of appealability unless Ortiz-Cervantes "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Ortiz-Cervantes must establish "that jurists of reason could disagree with the [Court's] resolution of his constitutional claims or that jurists could conclude the

issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Ortiz-Cervantes has not made such a showing, and the Court will not issue a certificate of appealability.

**III.    CONCLUSION**

The Court's initial review of Ortiz-Cervantes's § 2255 motion, exhibits, "and the files and records of the case conclusively show that [Ortiz-Cervantes] is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly,

    IT IS ORDERED:
1. Roberto Carlos Ortiz-Cervantes's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Filing No. 89) is denied.
2. No certificate of appealability will issue.
3. A separate judgment will be entered in accordance with this Memorandum and Order.
4. The Clerk of the Court shall mail a copy of this Memorandum and Order and the Judgment to Ortiz-Cervantes at the address of record for his current place of incarceration.

Dated this 21st day of May 2019.

                              BY THE COURT:

                              Robert F. Rossiter, Jr.
                              United States District Judge